**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHEN NEVEUX,

            Plaintiff,

vs.

THE McKAY PRESS, INC.,
a Michigan Corporation, and
CONSOLIDATED GRAPHICS, INC.
a Delaware Corporation,

            Defendants.

**CASE NO. 10-CV-11074**

**HON. LAWRENCE P. ZATKOFF**

---

| | |
|---|---|
| KATHLEEN L. BOGAS (P25164)<br>CHARLOTTE CROSON (P56589)<br>*LAW OFFICES OF KATHLEEN L. BOGAS, PLLC*<br>31700 Telegraph Road<br>Suite 160<br>Bingham Farms, Michigan  48025<br>(248) 502-5000<br>(248) 502-5001 (FAX)<br>kbogas@kbogaslaw.com<br>*Attorneys for Plaintiff* | WILLIAM J. VINCENT (P38430)<br>*LITTLER MENDELSON PLC*<br>200 Renaissance Center<br>Suite 3110<br>Detroit, Michigan  48243<br>(313) 446-6407<br>(313) 447-2727 (FAX)<br>wvincent@littler.com<br>*Attorneys for Defendants* |

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**
**COVERING CERTAIN DOCUMENTS PRODUCED BY THE PARTIES**

      **IT IS HEREBY STIPULATED** by and between Plaintiff, Stephen Neveux, and Defendants, The McKay Press, Inc. and Consolidated Graphics, Inc., who appear by signature of their counsel of record below, that the Court may enter the attached Protective Order Covering Certain Documents Produced by the Parties.

2

| | |
|---|---|
| /s/ Charlotte Croson (with consent) | /s/ William J. Vincent |
| Kathleen L. Bogas (P25164) | William J. Vincent (P38430) |
| Charlotte Croson (P56589) | ***LITTLER MENDELSON PLC*** |
| ***LAW OFFICES OF KATHLEEN L. BOGAS, PLLC*** | 200 Renaissance Center Suite 3110 |
| 31700 Telegraph Road, Suite 160 | Detroit, Michigan 48243 |
| Bingham Farms, Michigan 48025 | (313) 446-6407 |
| (248) 502-5000 | (313) 447-2727 (FAX) |
| (248) 502-5001 (FAX) | wvincent@littler.com |
| kbogas@kbogaslaw.com | ***Attorneys for Defendants*** |
| ccroson@kbogaslaw.com | |
| ***Attorneys for Plaintiff*** | |

Dated: December 7, 2010

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHEN NEVEUX,

           Plaintiff,

vs.

THE McKAY PRESS, INC.,
a Michigan Corporation, and
CONSOLIDATED GRAPHICS, INC.
a Delaware Corporation,

           Defendants.

**CASE NO. 10-CV-11074**

**HON. LAWRENCE P. ZATKOFF**

| | |
|---|---|
| KATHLEEN L. BOGAS (P25164)<br>CHARLOTTE CROSON (P56589)<br>*LAW OFFICES OF KATHLEEN L. BOGAS, PLLC*<br>31700 Telegraph Road<br>Suite 160<br>Bingham Farms, Michigan  48025<br>(248) 502-5000<br>(248) 502-5001 (FAX)<br>kbogas@kbogaslaw.com<br>*Attorneys for Plaintiff* | WILLIAM J. VINCENT (P38430)<br>*LITTLER MENDELSON PLC*<br>200 Renaissance Center<br>Suite 3110<br>Detroit, Michigan  48243<br>(313) 446-6407<br>(313) 447-2727 (FAX)<br>wvincent@littler.com<br>*Attorneys for Defendants* |

**PROTECTIVE ORDER COVERING**
**CERTAIN DOCUMENTS PRODUCED BY THE PARTIES**

At a session of said Court, held in the United States Courthouse,
City of Port Huron, County of St. Clair, State of Michigan on:

JANUARY 26, 2011

PRESENT:  LAWRENE P. ZATKOFF
United States District Court Judge

Upon reading the attached Stipulation for Entry of Protective Order Covering Certain Documents Produced by the Parties, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. When used in this Order, the word "documents" means all documents produced by the parties in this matter that bear the notation "Confidential–Produced Pursuant to Protective Order".

2. All documents, as that term is defined by paragraph 1 above, shall be used solely for the prosecution or defense of this matter and shall not be used in any other litigation or any other judicial or administrative proceeding.

3. Except as provided in paragraph 4 below, no document subject to the terms of this Order, nor any information contained therein, may be made public or otherwise disclosed to any persons other than:

    a. Counsel of record for the parties;

    b. Secretaries, legal assistants, and other employees of counsel of record who are actively engaged in assisting counsel in the prosecution or defense of this matter;

    c. Lay witnesses who are deposed in this matter, but only during the course of their depositions. To the extent that either party believes further disclosure to a lay witness of documents subject to the terms of this Order is necessary, it will be the responsibility of counsel of record for the party making the disclosure to obtain the Consent Agreement from each such witness before making the disclosure and to provide opposing counsel with a copy of the Agreement forthwith; and

    d. Experts retained by counsel of record for the purpose of assisting in the prosecution or defense of this matter, but only if the expert signs the attached Consent Agreement. It is the responsibility of counsel of record for the party

2

        making the disclosure to the expert to obtain the Consent Agreement from each such expert before making the disclosure and to provide opposing counsel with a copy of the Agreement forthwith.

    e.    Mediators, facilitators, and case evaluators.

    4.    Documents subject to the terms of this Order, and any information contained therein, do not lose their protected status if used in any judicial proceeding or alternative dispute resolution proceeding in this matter.  However, the parties shall take all steps reasonably required to protect the confidentiality of the documents and information during such use.  In the event that a party includes any documents or information covered by the terms of this Order in any pleadings, affidavits, or other papers filed with the Court in this matter, the documents or information must be submitted under seal.

    5.    This Order shall not be construed to waive any objections to the admissibility, privileges, or defenses available to the parties with respect to any documents produced by the parties pursuant to this Order, and the parties expressly reserve same.

    6.    The parties agree that within thirty (30) days after the final disposition of this matter, any documents designated to be subject to the terms of this Order, including all copies thereof, shall upon request be returned to opposing counsel, including copies of any documents provided to the persons identified in subparagraphs 3(a) through (d) above and any documents provided to experts or lay witnesses.

                                    S/Lawrence P. Zatkoff
                                    Hon. Lawrence. P. Zatkoff
                                    United States District Court Judge
                                    Dated:  January 26, 2011

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHEN NEVEUX,

          Plaintiff,

vs.

**CASE NO. 10-CV-11074**

**HON. LAWRENCE P. ZATKOFF**

THE McKAY PRESS, INC.,
a Michigan Corporation, and
CONSOLIDATED GRAPHICS, INC.
a Delaware Corporation,

          Defendants.

---

| | |
|---|---|
| KATHLEEN L. BOGAS (P25164) <br> CHARLOTTE CROSON (P56589) <br> *LAW OFFICES OF KATHLEEN L. BOGAS, PLLC* <br> 31700 Telegraph Road <br> Suite 160 <br> Bingham Farms, Michigan  48025 <br> (248) 502-5000 <br> (248) 502-5001 (FAX) <br> kbogas@kbogaslaw.com <br> *Attorneys for Plaintiff* | WILLIAM J. VINCENT (P38430) <br> *LITTLER MENDELSON PLC* <br> 200 Renaissance Center <br> Suite 3110 <br> Detroit, Michigan  48243 <br> (313) 446-6407 <br> (313) 447-2727 (FAX) <br> wvincent@littler.com <br> *Attorneys for Defendants* |

---

**CONSENT AGREEMENT TO BE**
**BOUND BY PROTECTIVE ORDER**

**STATE OF** _____

**COUNTY OF** _____

_____, being first duly sworn, deposes and says:

      I have read and understand the provisions of the Protective Order Covering Certain Documents Produced by the Parties that the Court has entered in this matter.  Under penalty of contempt, I agree to be bound by the Order.  I also agree that:

(1) I will make no further disclosure of any documents designated by the parties to be subject to the terms of this Order, or any information contained therein, and I will personally protect the confidentiality of all such documents.

(2) I will return all such documents and any copies thereof to the attorney who gave them to me within fourteen (14) days after the final disposition of this matter.

(3) I consent to the personal jurisdiction of the United States District Court for the Eastern District of Michigan, for any and all purposes relating to the enforcement of the Order and this Consent Agreement.

_____

Subscribed and sworn to before me
on this \_\_\_ day of _____, 201\_\_\_:

_____
Notary Public
Acting in the County of _____
My commission expires: